IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIAS SAVADA, an individual, on behalf of himself and all others similarly situated, | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | | Civil Action No. RDB-25-1156 |
| | * | |
| RRH ENERGY SERVICES, LLC, SPRING ENERGY RRH, LLC, and RICHMOND ROAD HOLDINGS, LLC, Delaware limited liability companies, KIWI ENERGY NY, LLC, a New York limited liability company, STEPHEN ESKRIDGE, DONALD CHESSMAN, RICHARD BOOTH, MICHAEL LORDI, and LISA HAWKINS, individuals, PALMCO ADMINISTRATION, LLC, d/b/a Indra Energy, PALMCO POWER MD, LLC, d/b/a Indra Power, PALMCO ENERGY MD, LLC, d/b/a Indra Energy, | * * * * * * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this putative consumer protection class action, Plaintiff Elias Savada sues various energy companies, a holding company which is parent to a subset of the energy companies, and certain corporate officers of the holding company (collectively, "Defendants"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law §§ 14-3201 to 14-3202 (West 2025). Savada's suit claims that Defendants made or had others make on their

1

behalf "unsolicited, 'spoofed' telemarketing calls . . . which deceptively market[ed] Defendants' services." (ECF No. 1 ¶ 1)

This case is essentially identical to two prior-filed putative class actions currently pending in this Court: *Nock v. RRH Spring Energy, LLC*, No. RDB-25-2809 ("*Spring Energy*"), and *Nock v. PalmCo Administration, LLC*, No. RDB-24-662 ("*Indra*"). Those cases have been at issue for two years (*Spring Energy*) and a year (*Indra*), respectively, and Plaintiff's counsel in this case is the same as in the other two cases. (ECF No. 58-1 at 18) Savada would clearly be a member of the putative plaintiff classes in each of those two cases. (*Id.*) Furthermore, the named plaintiff in those cases, Robert Nock, would be a member of this putative plaintiff class. (*Id.*) Quite simply, each of the three cases alleges deceptive telemarketing calls made by or on behalf of the defendant energy companies.

Based on these identical claims, Defendants PalmCo Admnistration, LLC, PalmCo Power MD, LLC, and PalmCo Energy MD, LLC (collectively, the "Indra Defendants"), have moved to dismiss or stay Savada's case under the first-to-file rule.[1] (ECF No. 45 at 2) That Motion to Dismiss (*Id.*) is currently pending before the Court. Jurisdiction is proper under 28

---

[1] Also pending in this case is a Motion to Consolidate Cases (ECF No. 31) filed by Savada and Robert Nock, the named plaintiff and putative class representative in *Spring Energy*, No. RDB-25-2809, and *Indra*, No. RDB-24-662. Nock and Savada seek to consolidate all three actions into one, and have filed such a motion in each case. (ECF No. 31 here; ECF No. 250 in *Spring Energy*; ECF No. 107 in *Indra*)

Because the Court dismisses this action under the first-to-file rule, there is no need to rule on the Motion to Consolidate Cases (ECF No. 31) as it applies to this case. Nevertheless, the Court's dismissal of Savada's action does not deny the Motion to Consolidate as presented for Robert Nock's two cases: *Spring Energy* and *Indra*. (ECF No. 250 in *Spring Energy*; ECF No. 107 in *Indra*) That motion remains pending in those cases.

U.S.C. § 1331 and § 1367.[2] The Court has reviewed the parties' submissions. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This case is simply duplicative of *Spring Energy* and *Indra*—already pending in this Court—and Savada may clearly participate as a plaintiff in those cases. For the following reasons, the Court GRANTS the Indra Defendants' Motion to Dismiss. (ECF No. 45)

## BACKGROUND

The core factual allegation in *Spring Energy*, *Indra*, and this case relates to deceptive telemarketing. (ECF No. 1 ¶¶ 80–105) Specifically, the allegation is that Defendants made or hired others to make illegal and deceptive telemarketing phone calls to Savada, the other putative class members here, and the plaintiffs in the related cases, in violation of federal and Maryland law. (*Id.*) The necessary background remaining is procedural.

### I. Prior, Related Cases

#### a. *Nock v. Spring Energy RRH, LLC* ("Spring Energy")

On February 8, 2023, Robert Nock brought a putative class action against Spring Energy RRH, LLC, RRH Energy Services, LLC, and Richmond Road Holdings, LLC, in the United States District Court for the Southern District of New York, "alleging receipt of unsolicited telemarketing calls" violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and corresponding Maryland law, Md. Code Ann., Com. Law §§ 14-3201 to

---

[2] This Court has federal question jurisdiction under 28 U.S.C. § 1331 for Savada's TCPA claims (Counts I–III) as they plainly arise under federal law. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (citing *Am. Well Works Co v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Savada's Maryland law claims (Counts IV–VI), which "are so related" to the TCPA claims that "they form part of the same case or controversy."

14-3202. (ECF No. 58-1 at 1 (The Southern District of New York's Transfer Order)) Discovery closed on November 15, 2024. (*Id.* at 3) The defendants moved for summary judgment on February 5, 2025. (*Id.*) That motion was fully briefed as of May 7, 2025. (*Id.*) Two days later, on May 9, Nock moved to have *Spring Energy* transferred to this Court. (*Id.*) The Southern District of New York granted that transfer order on July 24, 2025. (*Id.* at 1) *Spring Energy* is now pending in this Court, *see* No. RDB-25-2809.

### b. *Nock v. PalmCo Administration, LLC* ("Indra")

On March 5, 2024, Robert Nock filed a second putative class action alleging violations of the TCPA and corresponding Maryland law. (ECF No. 58-1 at 4). This time, Nock sued PalmCo Administration, LLC, d/b/a Indra Energy, and PalmCo Power MD, LLC, d/b/a Indra Energy. That case is pending before this Court, *see* No. RDB-24-662.

### II. This Case

On April 7, 2025, more than two years after filing *Spring Energy* and a year after filing *Indra*, the plaintiff's counsel in those cases brought this additional putative class action, again under the TCPA and corresponding Maryland law. (ECF No. 58-1 at 4; ECF No. 1 at 1) Just as in *Spring Energy* and *Indra*, the core factual allegation in this case is that Defendants made or hired others to make deceptive telephone calls to market their products. (ECF No. 1 ¶¶ 1–7) Savada asserts that his allegations in this case "partly overlap" with the *Spring Energy* and *Indra*. (*Id.* ¶ 3). That is an understatement. The Defendants in this case combine the defendants from those two cases; the only new Defendants in this case are certain corporate officers of one of

4

the *Spring Energy* defendants. Defendants here are energy companies, plus a parent company of some of those companies,[3] and corporate officers of the parent company.[4]

As relevant to this Motion, the Indra Defendants are the same defendants from the previous *Indra* case. On June 20, the Indra Defendants filed their Motion to Dismiss Under the First-Filed Rule. (ECF No. 45) More commonly called the first-to-file rule, this is a common law principle of comity which says that a "first or prior filed action" should be "permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944)). When applicable, the rule allows federal district courts, in their discretion, to handle the issue by transferring, consolidating, staying, or dismissing the duplicative proceeding. *See Carbide & Carbon*, 140 F.2d at 49; *Hart v. Traveler's Prop. Cas. Co. of Am.*, 610 F. Supp. 3d 785, 800 (E.D.N.C. 2022).

The Indra Defendants argue that Savada's lawsuit is duplicative of both *Spring Energy* and *Indra* and so ask the Court to dismiss or stay the case. (ECF No. 45) Savada—together with Robert Nock, the putative class representative in both *Spring Energy* and *Indra*—filed a Response in Opposition, which argues that consolidation of the three cases, not dismissal or stay, would be the proper remedy here. (ECF No. 58) The Indra Defendants filed a Reply (ECF No. 61), which argues, first, that consolidation would prejudice Defendants, who until this case began have been defending lawsuits by Robert Nock separately. They argue that, if

---

[3] Richmond Road Holdings, LLC, is the parent company of RRH Energy Services, LLC, Spring Energy RRH, LLC, and Kiwi Energy NY LLC. (ECF No. 1 ¶ 13)
[4] Stephen Eskridge, Donald Cheesman, Richard Booth, Michael Lordi, and Lisa Hawkins are all corporate officers of Richmond Road Holdings, LLC. (ECF No. 1 ¶¶ 14–18)

5

the cases were consolidated, they would be prejudiced by Savada and Nock having access to both sets of discovery. (*Id.*) They also argue that consolidation would mean redoing discovery already undertaken separately in *Spring Energy* and *Indra*. (*Id.*) The decision of the United States District Court for the Southern District of New York to transfer *Spring Energy* to this Court clearly supports a dismissal of this case under the first-to-file rule. (ECF No. 58-1)

## STANDARD OF REVIEW

The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs.*, 675 F.2d at 611 n.1 (citing *Carbide & Carbon*, 140 F.2d at 49). Ordinarily, "the first suit should have priority, absent a showing of balance of convenience in favor of the second action." *Ellicott Mac. Corp. v. Mod. Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974).

Courts apply the first-to-file rule when "the two competing actions are substantively the same or sufficiently similar to come within the ambit of the principle." *Glodek v. Richardson*, No. GJH-19-2115, 2020 WL 263476, at *3 (D. Md. Jan. 16, 2020) (internal quotations and citations omitted); *Kendus v. USPack Servs. LLC*, No. SAG-19-00496, 2020 WL 1158570, at *2 (D. Md. Mar. 10, 2020). Three factors guide that analysis: (1) "the chronology of the filings"; (2) "the similarity of the parties involved"; and (3) "the similarity of the issues at stake." *Kendus*, 2020 WL 1158570, at *2.

When a district court confirms that the first-to-file rule applies, it may in its discretion consolidate, stay, dismiss, or transfer the second case. *See Carbide & Carbon*, 140 F.2d at 49; *Glodek*, 2020 WL 263476, at *3 (citing *Scardino v. Elec. Health Res., LLC*, No. PMD-14-2900,

6

2016 WL 1321147, at *2 (D.S.C. Apr. 5, 2016)); *Victaulic Co. v. E. Indus. Supplies, Inc.*, No. JMC-13-01939, 2013 WL 638871, at *2 (D.S.C. Dec. 6, 2013) (citing *Harris v. McDonnell*, No. 13-cv-00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013)); *Hart*, 610 F. Supp. 3d at 800. The rule is to be applied in an equitable, case-by-case manner. *Harris*, 2013 WL 5720355, at *3.

## ANALYSIS

The Indra Defendants move to dismiss or stay this case under the first-to-file rule. All three factors weigh in favor of the rule's application here. Additionally, given the duplicative nature of this case as compared to *Spring Energy* and *Indra*, the Court will dismiss this case.

### I. The First-to-File Rule Applies in This Case as it is Essentially Identical to both *Spring Energy* and *Indra*

Chronologically, this case undoubtedly follows *Spring Energy* and *Indra*. It was filed more than two years after *Spring Energy* and more than a year after *Indra*. This first factor weighs in favor of applying the first-to-file rule here.

There is also substantial similarity between the parties. Savada, Plaintiff here, "qualifies as an unnamed putative class member" in both *Spring Energy* and *Indra*, as the Southern District of New York explained in its decision to transfer *Indra* to this Court. (ECF No. 58-1 at 18) Likewise, "Nock qualifies as an unnamed putative class member in [this] action." (*Id.*) As noted above, Defendants here are essentially a combination of the defendants from *Spring Energy* and *Indra*. The only new Defendants here are certain corporate officers of Richmond Road Holdings, LLC, a defendant in the *Spring Energy* case. Though the plaintiff class in this case might indeed have ended up being different from the plaintiff classes in *Spring Energy* or *Indra*, the parties are still very similar overall. This weighs in favor of applying the first-to-file rule.

7

Finally, there is substantial similarity of the issues in the three cases. *Spring Energy*, *Indra*, and this case each sue their respective defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its corresponding Maryland law, Md. Code Ann., Com. Law §§ 14-3201 to 14-3202; the three cases are identical in this respect. As noted above, each case concerns the same basic conduct—alleged deceptive telephone marketing calls made by Defendants themselves or by their agents. (ECF No. 1 at 1) This third factor also weighs in favor of applying the rule. Therefore, because each factor weighs in favor of the first-to-file rule's application, the Court applies it here.

## II.     Dismissal of this Duplicative Action is the Proper Remedy

As noted above, once a court determines that the first-to-file rule applies, it has broad discretion to manage the relevant cases as it sees fit. *Carbide & Carbon*, 140 F.2d at 49; *Glodek*, 2020 WL 263476, at *3 (citing *Scardino*, 2016 WL 1321147, at *2); *Victaulic Co.*, 2013 WL 638871, at *2 (citing *Harris*, 2013 WL 5720355, at *3). This includes, as appropriate, "dismiss[ing] the redundant action." *Hart*, 610 F. Supp. 3d at 800. Given the highly duplicative nature of this case compared to *Spring Energy* and *Indra*, dismissal of this redundant action is proper.

Savada's main argument in its Response (ECF No. 58) to the Indra Defendant's Motion to Dismiss (ECF No. 45) is not that first-to-file rule is inapplicable here, but rather that consolidation of *Spring Energy*, *Indra*, and this case would be proper. (ECF No. 58 at 2) He claims that consolidation is appropriate because all three actions are currently in this Court. (*Id.* at 5) He also alleges that having multiple class representatives—that is, Savada and Nock—would be "inherently preferable" to one, especially in the interest of fairness to absent

members of the putative class. (*Id.* at 5–6) In addition to arguing for consolidation, Savada argues against dismissal and stay. (*Id.* at 3–4) He argues that dismissal would improper because the statute of limitations has "nominally" run on his TCPA claims since he filed his Complaint (ECF No. 1), making refiling confusing and complicated. (*Id.* at 3–4) His argument against a stay is just that consolidation is available. (*Id.* at 4–5)

For their part, the Indra Defendants aptly note that consolidation would prejudice them and run afoul of the purposes of the first-to-file rule. (ECF 45 at 1–2; ECF No. 61 at 1) Savada's action is redundant of the claims in *Spring Energy* and *Indra*. The Southern District of New York noted that "the overlap between" the three cases "is self-evident"; '[this case] essentially incorporates both of Nock's actions." (ECF No. 58-1 at 18) Savada is already a putative class member in *Spring Energy* and *Indra*. Judicial economy is clearly served in the dismissal of this case.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Indra Defendants' Motion to Dismiss under the first-to-file rule. (ECF No. 45)

A separate Order follows.

Date: October 29, 2025                          /s/
                                       _____
                                       Richard D. Bennett
                                       United States Senior District Judge

9